**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEQUOIA PROPERTY AND
EQUIPMENT, Limited Partnership,

Plaintiff,

WANDA JEAN CRISP,

Counter-claimant,

and

G. MARK CRISP; RHONDA CRISP,

Counter-claimants -
Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 11-17135

D.C. No. 1:97-cv-05044-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

G. Mark Crisp and Rhonda Crisp appeal pro se from the district court's order of judicial sale in the government's action to reduce to judgment federal income tax assessments against them and to foreclose on federal tax liens to satisfy the judgment.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion, *United States v. Overman*, 424 F.2d 1142, 1146 (9th Cir. 1970), and we affirm.

The district court did not abuse its discretion in issuing the order of judicial sale to enforce a judgment against the Crisps, including by imposing reasonable terms and conditions on the Crisps to maintain the properties at issue in good condition pending the sale and to vacate the property they occupied before the sale. *See* 26 U.S.C. § 7403(c) (authorizing district court to decree a sale of property subject to federal tax lien according to its findings regarding the interests of all parties); *see also* 28 U.S.C. § 2001 (authorizing district court to order any sales of real property "upon such terms and conditions as the court directs").  Moreover, the district court's instructions that the Crisps refrain from publishing notices or

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

11-17135

taking other actions that might adversely affect the value of the properties or discourage potential bidders burdened no more speech than necessary to serve the government's significant interest in enforcing federal tax laws. *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (content-neutral injunction does not violate First Amendment if "the challenged provisions of the injunction burden no more speech than necessary to serve a significant government interest").

We decline to address the Crisps' arguments regarding Wanda Crisp because she is not a party to this appeal. *See* Fed. R. App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.").

**AFFIRMED.**